IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NAKITA GORE,                          §
                                      §
                 Plaintiff,           §
                                      §
V.                                    §          No. 3:15-cv-996-B-BN
                                      §
DAVID S. FERRIERO,                    §
                                      §
                 Defendant.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Nakita Gore, proceeding *pro se*, has filed a complaint alleging race discrimination against her employer. *See generally* Dkt. No. 3; *see also id.* at 1 (alleging a discriminatory act occurred on November 13, 2013). Plaintiff identifies her address to be in Fort Worth, Texas. *See id.* at 1. And, in her motion to proceed *in forma pauperis*, she identifies her employer – from "Aug. 1985 – Now" – to be the National Archives, located at 1400 John Burgess – which is an address in Fort Worth, Texas. *See* Dkt. No. 5 at 2.

The undersigned now concludes that Plaintiff's complaint should be transferred

to the Fort Worth Division of the Northern District of Texas.

## Legal Standards

Venue in a case in which employment discrimination on the basis of race is alleged is generally governed by 42 U.S.C. § 2000e-5(f)(3), Title VII's venue provision. *See Ested v. Dyncorp Int'l Inc.*, Civil Action No. 3:09-cv-181-L, 2010 WL 3119392, at *1 (N.D. Tex. Aug. 3, 2010); *see also Maldonado v. PTS Corp.*, No. EP-06-CA-329-DB, 2007 WL 1745640, at *3 (W.D. Tex. Jan. 11, 2007) ("Because subject-matter jurisdiction over this case is based on Title VII, 42 U.S.C. § 2000e-5(f)(3) controls as to in which districts venue is proper.").

That provision provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case

filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

## Analysis

Plaintiff's claims arise out of alleged wrongful employment practices occurring in Fort Worth, Texas, located in Tarrant County, Texas, which lies within the Ft. Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2).

## Recommendation

Because all parties to this action appear to be located in Tarrant County, Texas, and because Plaintiff's claims arise out of events occurring in Tarrant County, this action should be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 1, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE